## WILLIAM H. CLARK

*v.*

## MARY J. CLARK.

*Opinion filed December 18, 1899—Rehearing denied February 8, 1900.*

1. DEEDS—*facts which show that a deed is well delivered.* A deed left by the grantor with a third person, with instructions to hand it to the grantee who would call for it, is well delivered and passes title although the grantor, several days later, upon learning that the grantee had not called, took the deed and handed it to the grantee.

2. SAME—*when acceptance of deed will relate back to time of delivery to third person.* Acceptance of a deed by a grantee will relate back to the time of its delivery to a third person for him, although he was not then aware of its execution, where the conveyance was the result of a previously arranged plan for disposing of the grantor's property, to which the grantee had assented.

3. DOWER—*when deed is not in fraud of dower.* A deed executed the day before the grantor's second marriage will not be held to be in fraud of the second wife's inchoate right to dower, where it appears the latter was apprised of the grantor's action, and that afterward, with full knowledge of the deed, she accepted a life estate in other property, not shown to be unequal to what her dower would have been in the entire estate.

APPEAL from the Circuit Court of Coles county; the Hon. FRANK K. DUNN, Judge, presiding.

JOHN McNUTT, Jr., and JAMES W. & E. C. CRAIG, for appellant.

NEAL & WILEY, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This is an appeal from a decree declaring the appellee entitled to dower in certain lands owned by the appellant. Appellee was the second wife of one William Clark, who departed this life on the first day of February, 1898. The deceased was the father of five children by a former wife, one of whom is the appellant. The deceased and appellee were married on the 19th day of August,

1890, and, for some reason not clearly disclosed by the record, a second marriage ceremony was performed on the 2d day of September, 1890. On the 18th day of August, 1890,—the day preceding the solemnization of the first ceremony between the appellee and the said deceased,—the deceased, who was the owner of two hundred and twenty-five acres of land in Coles county, executed five deeds, one to each of his living children and one to the descendants of a deceased daughter, conveying by each deed twenty-four acres of said land. These deeds were without consideration other than paternal affection. The decree in this case awards dower to appellee in the tract so conveyed by deceased to his son, the appellant.

It is sought to uphold the decree on two grounds: First, that the deed to appellant was not delivered and did not become operative until after the marriage; second, the conveyance was in fraud of the inchoate right of the appellee to dower in the land conveyed.

Appellee testified that on the said 18th day of August, 1890, the day preceding her marriage to the said deceased grantor, she and the grantor, her intended husband, went together to Mattoon; that they stopped at the home of deceased, and he got some papers and told her he intended going to Mr. Craig's office while they were in Mattoon, to have some deeds made, and she testified she was not sure but that he told her what property it was he was going to convey by the deeds; that they went to Mattoon together, and while there he told her he was going to Mr. Craig's office, and he left her and she did not go with him. It was proven by the testimony of Isaac B. Craig, who is a member of the bar and a notary public, the deceased came to his office on that day and directed him to prepare five deeds conveying certain tracts of land to children and grandchildren of said deceased; that the witness prepared the deeds as directed and that the same were duly signed and acknowledged by the deceased, and when so completed were delivered by the deceased to the

said witness, with instructions to deliver them to the appellant, who the deceased said would call and get them; that one of the deeds purported to convey the land involved in this suit to the appellant; that some days later the deceased came again to the office of the witness and inquired if the appellant had called for and obtained the deeds; that witness replied that the appellant had not called for the deeds, and the deceased then asked the witness to give the deeds to him and he would take them to the appellant, and that the witness, Craig, then handed the deeds to deceased. The appellee testified she and the deceased were married on Tuesday, the next day after they were in Mattoon, and that on the next Saturday the deceased went to Mattoon and brought home some papers which he told her were deeds he had made to his children, and gave them to her to put with other papers; that some days afterwards, but during the same month, she and the deceased were intending to go to Mattoon; that in doing so they would pass the residence of the appellant; that the deceased told her to get the deeds and he would give them to the appellant as they went to Mattoon; that when they arrived at the residence of the appellant she held the horse they were driving while the deceased went to the door of appellant's home and gave the deeds to appellant. It was further proven the appellant brought all the deeds and handed them to Mr. Craig, who was attorney for both the deceased and the appellant, and directed Mr. Craig to have them recorded; that all the deeds were recorded on the 22d day of October, 1890; that the grantees therein immediately went into possession of the respective tracts conveyed to them, and remained in possession and enjoyed the use, rents and profits thereof thenceforth during the remainder of the lifetime of the deceased, a period of about eight years.

The decree proceeded upon the theory the deed to the appellant was not delivered and accepted until the occasion when the deceased handed the same to the appellant

at the home of the latter, as testified to by the appellee, which was after the marriage. We do not so understand the facts to be. We think the testimony of Mr. Craig establishes beyond controversy the deeds (including that to appellant) were finally and irrevocably delivered by the deceased to the witness Craig on the day of their execution, with instructions to deliver them to the appellant, and that the deceased did not reserve or intend to reserve any right of control over them after so delivering them to Mr. Craig. There is nothing in the proof tending to show the grantor expected to again come into the possession of the deeds, but, on the contrary, the proof is he intended and expected the deeds would pass to the grantees therein from the hands of Craig. When he returned to the office of the witness Craig he did not know but that the appellant had called and secured the deeds. On being informed the deeds had not passed into the possession of appellant he concluded to convey them himself to the appellant. He received them from Craig for that purpose and for that purpose only, and did convey them to the appellant and placed them in his possession. His dominion over the deeds ceased when he delivered them to Craig. That delivery was unconditional, and he did not assert or intend to retain further right of control over them. It is unimportant that the deeds came again into his hands, for he but received them in the capacity of messenger, merely, for the specific purpose of conveying them to the parties entitled to receive them from Craig. *Otis* v. *Spencer*, 102 Ill. 622.

But it is urged acceptance of the conveyance by the appellant was essential to the full and complete transfer of the title by the deed. It did not appear the appellant knew of the execution of the deed until after the marriage of his father and the appellee. It was, however, proven the deceased and his former wife had determined upon the division among their children of the portion of his land conveyed by the five deeds, and had

decided to give to each of them the parcels as finally conveyed by those deeds; that one of his daughters was not well satisfied with the parcel the father and mother selected for her, but appellant was at that time advised of the purpose of the father to convey the parcel to him and was satisfied and ready to accept it. The consummation of the purpose of the parents was, however, delayed, because of the dissatisfaction of his daughter, until after the death of the mother, which occurred two years prior to the marriage of the father and the appellee. On the eve of his second marriage the father concluded to settle the land upon his children in accordance with the previous intention formed by himself and his deceased wife, and consummated that purpose by executing the deeds, as before stated, and delivering them to Craig with instructions to deliver them to one of the grantees, the appellant, whom, it would seem, the father had selected to receive the conveyances for all the grantees. The appellant was, as the father well knew, willing to accept the deed. Appellant was not, however, advised of the execution of the deed until after the marriage of appellee to his father. When advised he accepted the conveyance. Under the circumstances of the case the acceptance would relate back to the time of the delivery of the deed by the grantor to Craig, unless the rights of others had in the meantime intervened.

The contention is, that by the solemnization of the marriage the inchoate right of the appellee to dower in the lands of her husband arose and attached; that the deed was in fraud of that right, and not having been actually delivered until after the marriage, should be deemed and treated as a conveyance of the interest of the husband alone, the right of the wife, the appellee, being in nowise affected by it. It seems to us very clear the conveyances in question were not in fraud of the rights of the appellee. They were made in pursuance of a purpose settled upon by the grantor and his former

wife, and not with actual design of perpetrating a wrong upon the intended second wife. It appeared from the testimony of the appellee herself that her husband, on the day preceding their marriage, told her he was going to make some deeds, and they stopped at his home on the way to Mattoon and got some papers to be used in the preparation of the deeds, and while the appellee did not expressly admit she knew what of his land her intended husband proposed to convey, it is entirely clear there was no desire to deceive her or deprive her of the fullest information as to what the husband was about to do, and we have no doubt, from the testimony of the appellee, she was informed fully as to the conveyances the husband intended to make. After she had testified that when they were on the way to Mattoon, on the day preceding the marriage, they stopped at his house and got some papers, and he told her he was going to take the papers to Mr. Craig's office while they were in Mattoon, for the purpose of having some deeds made, she was asked, "Didn't he tell you what property he was going to deed?" and she answered, "I am not sure." The conclusion which, in our view, should be drawn from this testimony is, she was sufficiently advised of what her intended husband was arranging to do and was content therewith. Moreover, it is not apparent she was injured or deprived of any of her just rights by the execution of the deeds. The husband was the owner of two hundred and twenty-five acres of land. Had he retained the ownership of the entire body until the time of his death, the appellee, being his widow, would have been endowed of an undivided one-third interest thereof and entitled to an estate of homestead therein. She admitted, while upon the witness stand, that after the marriage her husband conveyed to her an eighty-acre tract of the land, which included the home place, for and during her natural life, and that she accepted such conveyance. Her dower rights and right of homestead would have been beneficial to her only

for and during her natural life, and it is not contended or apparent that an assignment of dower and homestead in the entire body of the land would have been more beneficial or desirable than the interest vested in her by the voluntary conveyance of the husband, which she voluntarily accepted with full knowledge of the manner in which he had settled the other portions of his land upon the appellant and his other children and grandchildren.

The court should not, under all the circumstances of the case, have sustained appellee's claim. to dower in appellant's land, but should have dismissed her petition.

The decree is reversed and the case will not be remanded.

*Decree reversed.*