LARSON, Appellant, v. JOHNSON et al, Respondents.

(220 N. W. 500.)

(File No. 8077. Opinion filed July 14, 1928.)

*Bogue & Bogue,* of Parker, and *W. J. Bulow,* of Beresford, for Appellant.

*Gunderson & Gunderson,* of Vermillion, for Respondents.

POLLEY, J. The plaintiff in this action is a judgment creditor of the defendant Hansene Johnson, and brings this action for the purpose of. having certain conveyances of real estate made by the defendant Hansene Johnson to the other defendants set aside and canceled, and to have said Hansene Johnson decreed to be the owner in fee simple of the premises described in the said conveyances.

The defendant Hansene Johnson is the mother of the other nine defendants. On and for several years prior to the 27th day of July, 1921, she, Hansene Johnson, was the owner of and in possession of 189 acres of land in Clay county. At that time she was in poor health and had been advised by a physician that she might not live a great while. She was desirous of dividing the said tract of land among her nine children, and shortly prior to the date above named consulted Mr. George Danforth, an attorney at

law, of Sioux Falls, relative to a division and disposition of said land. She also called her children together and talked the matter over with them. She and the children came to an understanding as to how the property should be divided and the consideration they should pay her for the land. She, with one of her sons, then went to Mr. Danforth's office and had the deeds prepared under her direction. There were two deeds to one of the children, making ten in all. They were executed and acknowledged by the grantor and left with Mr. Danforth with directions to him to deliver the deeds to the respective grantees named therein after her death, but with the understanding that she might, if she desired, have the deeds recorded and delivered to the grantees during her lifetime.

On the same date that the deeds were executed each of the children executed and delivered to their mother a promissory note, each of which notes is in the following form:

"Beresford, South Dakota, July 27, 1921. On or before April first each year till her death, for value received I promise to pay Mrs. Hansene Johnson, or order, eighty dollars ($80.00), at Beresford State Bank, Beresford, South Dakota, with interest at no per cent from date. Principal and interest to draw interest after due at ten per cent per annum.

"The makers, assignors and indorsers of this note severally waive presentment for payment, protest and notice of protest for nonpayment of this note, and agree to all extensions and partial payments before or after maturity without prejudice to the holder."

At the time of the execution of the deeds the land was incumbered by a mortgage for $6,000. Mrs. Johnson also owed other debts amounting to $754.54. The children agreed to pay these debts when due and to pay the taxes on the property. The landlord's portion of the 1921 crop went to Mrs. Johnson, but the children went into possession of their respective tracts on the 1st day of March, 1922, and except for one or two conveyances have remained in possession ever since. They have kept up the interest on the indebtedness, have paid the taxes on the property, and made the annual payments to their mother according to the terms of the notes they gave her.

During the month of January, 1923, Mrs. Johnson and one of her sons went to Mr. Danforth's office. She directed him to deliver

the deeds to the son who was with her. This was done. The son had the deeds recorded in the office of the register of deeds in Clay county, and then delivered them to the respective grantees.

At and for some time prior to the execution of the said deeds in July, 1921, there was an action pending in the circuit court of Clay county wherein Aldric Larson, plaintiff in this action, was plaintiff and Hansene Johnson was defendant. In that action the plaintiff sought to recover $20,000 damages for malicious prosecution, and upon the trial thereof plaintiff recovered judgment for $4,000 and costs. This judgment was affirmed by this court and is now a valid subsisting judgment in favor of plaintiff and against defendant Hansene Johnson. Defendant has no property out of which this judgment can be satisfied, and plaintiff's purpose in having the said deeds canceled and set aside and defendant Hansene Johnson decreed to be the owner of the said tract of land is to render it subject to the payment of said judgment.

At the time of the trial said land was worth $140 per acre, and had an annual rental value of $6 to $7 per acre. All of the grantees named in said deeds were aware at the time of the execution thereof of the pendency of the suit by plaintiff against Hansene Johnson.

The court found that the conveyances were made in good faith and for a good and valuable consideration; that they were not made for the purpose of hindering, delaying, or defrauding the creditors of Hansene Johnson; that said deeds were not received by the grantees for the purpose of hindering or delaying the plaintiff in the collection of his said judgment; and that the said grantees and their assigns are entitled to judgment quieting title to said premises in them. Judgment was entered accordingly, and plaintiff appeals.

■■ Appellant contends there was no sufficient delivery of the deeds to convey the title to the grantees, and that as against a creditor of the grantor there was not a sufficient consideration to support the conveyances. In his brief appellant says:

"The deeds made in George Danforth's law office on July 27, 1921, were delivered to him by the grantor to be delivered by him to the grantees therein named on the death of the grantor. This constituted a good delivery in escrow of these deeds, if no control over them was reserved by the grantor."

But the grantor reserved no control over these deeds. It will be remembered that these deeds were executed by the grantor pursuant to a contract with the grantees. On the day that the deeds were executed each of the grantees executed and delivered to the grantor one of the promissory notes above set out. These notes are negotiable in form and bind the makers absolutely, in whosoever hands they may be, to the payment thereof. After these notes were given the grantor in the deeds had no control over them whatever except to consent that they might be recorded and delivered prior to her death. Neither had Danforth any right to return them to the grantor or to do anything else with them but deliver them to the grantees after the grantor's death, or to deliver them to the grantees at the direction of the grantor prior to her death. In his brief appellant, quoting from 18 C. J. 208, says:

"The delivery of a deed by the grantor to a third person to be held by him and delivered to the grantee upon the grantor's death will operate as a valid delivery, where there is no reservation on the part of the latter of any control over the instrument, and under such circumstances it is usually held that the deed takes effect from the first delivery. If, however, a power to recall the deed is reserved by the grantor, there is, according to the great weight of authority, no effectual delivery and the deed cannot take effect."

This we believe is a correct statement of the law, but in this case the grantor reserved no right to recall the deeds. When the grantor accepted the said notes, the contract so far as she was concerned was fully executed and she had no further right in or control over the premises conveyed. It will be noted from a reading of the notes that the grantor reserved no reversionary right in case the notes were not paid as stipulated. In his brief appellant says:

"No provision seems to have been made as to what would happen if any of the children refused to pay the $80 per year to their mother during her lifetime, and while these deeds were in the possession of George Danforth."

Appellant is wholly mistaken in this assumption. In case the amount stipulated for in the notes is not paid when due, such amount is to draw interest at the rate of 10 per cent per annum until paid, and the holder of the note, whether the original payee or an indorsee, has a right of action for the recovery of the same.

Failure to make the annual payments was not to work a forfeiture or reversion of the title.

"Delivery to a third person for the grantee, without any reservations by the grantor of a right to recall it, is sufficient in law, and effects a complete transfer of the title to the property. Hence the delivery has been held complete in cases where the deed was given by the grantor to a third party with direction to deliver to the grantee when he called for it, though several days thereafter the grantor took the deed from the depository and himself handed it to the grantee, the latter delivery, in such case, related back to the former, subject to intervening rights of third parties; also where the deed was simply sealed and acknowledged and left with the officer taking the acknowledgment, with instruction to hold it until called for by the proper person, the grantee knowing of and assenting to the conveyance, and taking and retaining possession of the land described therein, though the deed called for by him could not be found; and where the deed, properly signed, sealed and acknowledged, was left in the possession of the officer who took the acknowledgment without any qualifying word or act on the part of the grantor." 8 R. C. L. 991; Clark v. Clark, 183 Ill. 448, 56 N. E. 82, 75 Am. St. Rep. 115; Foster v. Mansfield, 3 Metc. (Mass.) 412, 37 Am. Dec. 154.

We believe the question of consideration need occasion but little difficulty. The grantees assumed indebtedness amounting to nearly $7,000. They became bound to pay the taxes, which amount to approximately $1.90 per acre a year, and in addition each of them became bound irrevocably to the payment of $80 a year, amounting in all to $720 a year, during the remainder of Hansene Johnson's lifetime. She was only 57 years of age at the time she executed the deeds, and although she was in poor health at that time she is still living and may continue to live for the next 25 years. In that event the grantees will have paid more than the value of the land at the time of the conveyances. True, as claimed by appellant, the grantees will have the benefit of the income from the land in the meantime, but that fact is not controlling. There is not such a disparity between the value of the property at the time of the conveyances and the amount paid, and to be paid, by the grantees, as to render the transaction fraudulent for want of consideration.

The judgment and order appealed from are affirmed.

SHERWOOD and BROWN, JJ., concur.

BURCH, P. J., and CAMPBELL, J., dissent.